THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARLOS HUERTAS SOTO, Defendant and Appellant.

No. CR-63-256.    Decided March 16, 1964.

166

*Carlos Huertas Soto*, pro se. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: ▆ Appellant complains that he did not have legal aid when the court of first instance considered his motion to set aside the judgment. He certainly did not need such assistance. In his motion to set aside the judgment he sets forth clearly and precisely the grounds for his petition. In *Capeles* v. *Delgado, Warden,* 83 P.R.R. 668 (1961), we said that the constitutional guarantee of legal assistance does not extend to habeas corpus, although we did say that "where a habeas corpus proceeding presents a factual controversy, subject to the hearing of evidence requiring knowledge for its organization and presentation, the best practice is to designate an attorney to represent the petitioner." What we said about the habeas corpus is equally applicable to motions such as the one presented in this case. To support the allegations contained in the motion no evidence was necessary, and appellant's contentions could hardly be set forth with more clarity.

Considering the merits of the motion it cannot prevail. The defendant alleges that the sentence which sent him to serve from 10 to 20 years in the penitentiary for the offense of voluntary manslaughter is void. He alleges that that sentence was imposed upon him as a subsequent offender. His contention is to the effect that although it was alleged in the

information that he had committed a previous offense, and the prosecuting attorney presented the sentence in the former case, the latter did not show that the person who committed the former offense was the same defendant of the second offense. He further maintains that in order that the highest penalty may lie for having committed a previous offense, it is necessary that he should have previously committed two offenses and not one as it is alleged in this case.

■ As to the first point, once it is established by a copy of the judgment that a person with the same name as the defendant was previously sentenced for another offense, it is the latter who has the burden, as a question of defense, to show that he is not the same person. *Cf. People* v. *Torres*, 39 P.R.R. 547 (1929) and *People* v. *Morales*, 61 P.R.R. 870 (1943).

■ Although it is true that the *Diccionario de la Real Academia Española* defines the word subsequent as "following the immediate next one," that is, that a subsequent act is the third in order, the introductory part of § 56 of the Penal Code—33 L.P.R.A. § 131—provides that "every person who, having been convicted of any offense punishable by imprisonment in the penitentiary commits any crime after such conviction, is punishable therefor as follows: . . ." clearly establishing that it only requires the commission of one previous offense in order that the application of its provisions may lie. This is the interpretation that has always been given to said provision.

The order appealed from will be affirmed.